**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| GRICERIO JARAMILLO,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, *et al.*,<br><br>Respondents. | Civil Action No. 26-10803 (BRM)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

Before the Court is Petitioner Gricerio Jaramillo's ("Petitioner") Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2241 arguing his detention is unlawful. (ECF No. 1.) Respondents filed an answer. (ECF No. 5.) Petitioner did not reply. Having reviewed and considered the parties' submissions filed in connection with the Petition and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Local Civil Rule 78.1(b), for the reasons set forth below and for good cause appearing, the Petition is **DENIED**.

## I. BACKGROUND

Petitioner, a citizen of Ecuador, unlawfully entered the United States and was subsequently released on bond in 1995. (ECF No. 5 at 1.) On January 17, 1996, an immigration judge ordered Petitioner removed. (*Id.*) On August 15, 2026, Immigration and Customs Enforcement ("ICE") agents encountered Petitioner and arrested him pursuant to a Warrant of Removal. (*Id.*)

On August 24, 2026, Petitioner filed the Petition arguing that his detention is unlawful. (*See generally* ECF No. 1.) Respondents filed an expedited response arguing that Petitioner is lawfully detained based on his final order of removal under 8 U.S.C. § 1231(a). (ECF No. 5.)

## II. LEGAL STANDARD

Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989). A district court's authority includes jurisdiction to hear habeas challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). The burden is on petitioner to show that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3); *Walker v. Johnston*, 312 U.S. 275, 286 (1941).

## III. DECISION

In the Petition, Petitioner argues he is unlawfully detained in violation of his due process rights. (*See generally* ECF No. 1.) In response, Respondents submit that Petitioner is lawfully detained under 8 U.S.C. § 1231(a) based on his final order of removal issued by the IJ. (ECF No. 5.)

An immigration judge issued Petitioner a final order of removal in 1996. Section 1231 states in relevant part that "when [a noncitizen] is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')." 8 U.S.C. § 1231(a)(1)(A). This 90-day detention is mandatory. *See Zadvydas*, 533 U.S. at 683 ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled. After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)). The removal period begins on the latest of the following:

(i) The date the order of removal becomes administratively final.

(ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order.

(iii) If the [noncitizen] is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement.

8 U.S.C. § 1231(a)(1)(B). Here, Petitioner's 90-day mandatory "removal period" concluded on April 16, 1996, 90 days after his order of removal became administratively final on January 17, 1996. 8 U.S.C. § 1231(a)(1)(B)(i).

ICE is not required to release the noncitizen once the removal period has expired, but "[d]ue process rights may be implicated where . . . there is no significant likelihood of removal in the reasonably foreseeable future." *Cepeda v. I.N.S.*, 273 F. Supp. 2d 222, 224 (E.D.N.Y. 2003) (citing *Zadvydas*, 533 U.S. at 701). In *Zadvydas,* the Supreme Court held that post-removal-order detention becomes constitutionally suspect only when it is prolonged beyond a presumptively reasonable six-month period and removal is not reasonably foreseeable. 533 U.S. at 701 (establishing a six-month presumption of reasonableness for post-removal-order detention).

Petitioner's detention—measured from his August 15, 2026 detention—falls far short of six months, rendering his claim premature.

## IV. CONCLUSION

For the reasons expressed above, Petitioner's § 2241 Petition (ECF No. 1) is **DENIED without prejudice**. An appropriate order follows.

**Date:** September 21, 2026

*/s/Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**United States District Judge**